**Terry G. MARTIN, Plaintiff,**

v.

**PULLMAN STANDARD, DIVISION OF WHEELABRATOR FRYE, A Corporation, Pullman Standard, Division of Pullman, Incorporated, A Corporation, Pullman Standard, Division of M. W. Kellogg Company, A Corporation, The United Steelworkers of America, An International Labor Organization, and District 19 Local 1415 of the United Steelworkers of America, A Local Labor Organization, Defendants.**

**Civ. A. No. 81–1822.**

United States District Court, W. D. Pennsylvania, Civil Division.

May 18, 1982.

Henry C. Berns, Pittsburgh, Pa., for plaintiff.

Richard V. Sica, Thorp, Reed & Armstrong, Rudolph L. Milasich, Jr., Pittsburgh, Pa., for defendants.

## OPINION

MENCER, District Judge.

Plaintiff Terry G. Martin instituted this action against defendants Pullman Standard, United Steelworkers of America, and Local 1415, pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. Presently before us is a motion for judgment on the pleadings filed by defendant Pullman Standard. For the reasons set forth below, the motion will be granted.

Plaintiff was employed by Pullman Standard as an assembler when he was discharged on November 26, 1980, for allegedly physically abusing a co-worker. Local 1415 filed a grievance on plaintiff's behalf, which was processed through step three of the grievance procedure established in the collective bargaining agreement.[1] On April 13, 1981, United Steelworkers and Local 1415 decided to withdraw the grievance from further consideration. Plaintiff filed the present action on October 15, 1981, alleging that Pullman Standard's discharge of plaintiff violated the collective bargaining agreement, and that United Steelworkers and Local 1415 breached their duty of fair representation.

In its motion, Pullman Standard argues that plaintiff's complaint is barred by the applicable statute of limitations. Since Congress has not enacted a statute of limitations for § 301 actions, their timeliness is determined by reference to the appropriate state statute of limitations. *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1112–1113, 16 L.Ed.2d 192 (1966).

---

1. The collective bargaining agreement between Local 1415 and Pullman Standard established a four-step grievance procedure, to be followed by binding arbitration.

■ In his grievance, plaintiff challenged his discharge as violative of the collective bargaining agreement and requested reinstatement with back pay. Since he now raises the same claim and seeks the same relief as that presented by the grievance, plaintiff's suit properly can be characterized as one to vacate an arbitration award. *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 61, 101 S.Ct. 1559, 1563, 67 L.Ed.2d 732 (1981). Accordingly, plaintiff's action is subject to Pennsylvania's thirty-day statute of limitations governing actions to vacate an arbitration award. 42 Pa.Cons.Stat.Ann. § 7314(b) (Purdon Supp.1981). Because plaintiff did not file suit for approximately six months after a final decision had been reached on his grievance, his action is time-barred.

Plaintiff, however, argues that there must be a final arbitration award in order to trigger Pennsylvania's thirty-day statute of limitations. We find no merit in this argument. When Local 1415 withdrew the grievance from further consideration, plaintiff had a decision that was final and binding. He had at that point exhausted to the extent possible the grievance and arbitration procedures established by the collective bargaining agreement and was entitled to institute suit against his union or employer under § 301. *See Clayton v. International Union, United Automobile Workers*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). Furthermore, in determining that an employee's suit against his employer under § 301 is governed by the state statute of limitations for vacating an arbitration award, the Supreme Court in *United Parcel, supra*, did not limit its decision to instances where a final arbitration award had been reached.

■ Plaintiff also contends that Pennsylvania's thirty-day statute of limitations should not be applied to this case because he did not learn that his grievance had been withdrawn until after the limitation period had expired. Even assuming that plaintiff could establish that the statute of limitations should be tolled because Local 1415 and United Steelworkers conspired to pre-vent plaintiff from learning of the grievance withdrawal, we cannot deny Pullman Standard's motion on this ground; plaintiff concedes that United Steelworkers informed him of its decision "sometime in May," 1981, yet he waited nearly five months to file this action.

We therefore conclude that plaintiff's action is time-barred by Pennsylvania's thirty-day statute of limitations governing actions to vacate an arbitration award. Pullman Standard's motion for judgment on the pleadings will be granted.

An appropriate order follows:

### ORDER

AND NOW, this 18th day of May, 1982, the motion for judgment on the pleadings, filed by defendant Pullman Standard, is granted to the extent that Judgment on the Pleadings is entered against the Plaintiff and in favor of the defendants Pullman Standard, Division of Wheelabrator Frye, a corporation, Pullman Standard, Division of Pullman, Incorporated, a corporation, and Pullman Standard, Division of M. W. Kellogg Company, a corporation; attorneys' fees and compensation for other expenses are denied.