Terry G. MARTIN, Appellant,

v.

PULLMAN STANDARD, DIVISION OF WHEELABRATOR FRYE, a Corporation, and Pullman Standard, A Division of Pullman, Incorporated, a Corporation, and Pullman Standard, Division of M.W. Kellogg Company, a Corporation, and the United States Steelworkers of America, an International Labor Organization, and District 19 Local 1415 of the United Steelworkers of America, a Local Labor Organization.

No. 82–5470.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Feb. 18, 1983.

Decided Jan. 26, 1984.

Henry C. Berns, Breman & Berns, Pittsburgh, Pa., for appellant.

Richard V. Sica, Brian J. Dougherty, Thorp, Reed & Armstrong, Pittsburgh, Pa., for Pullman Standard, Inc.

Rudolph L. Milasich, Jr., Asst. Gen. Counsel, Carl B. Frankel, Associate Gen. Counsel, United Steelworkers of America, Pittsburgh, Pa., for United Steelworkers of America and Its Local 1415; Bernard Kleiman, Chicago, Ill., of counsel.

Before GIBBONS, HUNTER and RO-SENN, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge:

Terry G. Martin appeals from a judgment on the pleadings, on statute of limitations grounds, in his suit against his employer and the labor union representing him, alleging that his discharge violated a collective bargaining agreement and the union's duty of fair representation. The trial court, relying on *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), held that the action was barred by the thirty-day statute of limitations in 42 Pa.Cons.Stat.Ann. § 7314(b) (Purdon 1982). *Martin v. Pullman Standard,* 538 F.Supp. 1174, 1176 (W.D.Pa.1982). While Martin's appeal was pending, the Supreme Court overruled *United Parcel Service, Inc. v. Mitchell,* holding that the six-month period for filing unfair labor practice

charges in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1976), was the appropriate limitations period for suits such as his. *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 2285–94, 76 L.Ed.2d 476 (1983).

Martin's grievance was withdrawn by the union on April 13, 1981, and the present action commenced on October 15, 1981, or 185 days thereafter.

Martin contends, however, that the statute of limitations should have been tolled until the Union informed him, sometime in May of 1981, that the grievance was withdrawn. The trial court did not decide the tolling question because even if the action had been tolled until May, the thirty-day Pennsylvania time bar still would govern. 538 F.Supp. at 1176. In *DelCostello,* the Supreme Court remanded for further proceedings in identical circumstances. —— U.S. at ——, 103 S.Ct. at 2294. We conclude that that course is appropriate here as well.

The judgment appealed from will be reversed and the case remanded for further proceedings consistent with this opinion.