762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 ALLEN MCCOY, PLAINTIFF-APPELLANT,
v.
CHESAPEAKE & OHIO RAILWAY, CO.; LODGE 1389 OF UNITED
TRANSPORTATION UNION; UNITED TRANSPORTATION UNION,
DEFENDANTS-APPELLEES.
 NO. 83-5250
 
 1
 United States Court of Appeals, Sixth Circuit.
 
 4/17/85
 ORDER
 
 2
 BEFORE: MERRITT and MILBURN; Circuit Judges; and GUY, District Judge.*
 
 
 3
 The plaintiff appeals the summary judgment for the defendants in this 'hybrid' action for wrongful discharge under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and a breach of his Union's duty of fair representation. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 The plaintiff was discharged from his employment as a brakeman for the Chesapeake and Ohio Railway Company on February 17, 1977. He filed this action on April 27, 1979 asserting his discharge was wrongful under the collective bargaining agreement and that the United Transportation Union and its Local 1389 breached their duty of fair representation by failing, despite the plaintiff's requests, to appeal the discharge within 60 days as provided under the agreement. Following discovery, the defendants raised the issue, based upon this Court's decision in Badon v. General Motors Corp., 679 F.2d 93 (6th Cir. 1982), of whether the plaintiff's action was barred by the six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). The district court agreed that the Sec. 10(b) statute of limitations applied to this action and, finding the action filed over two years after the plaintiff's discharge, granted summary judgment to the defendants and dismissed the action. The timely appeal followed.
 
 
 5
 There is no longer any question that the district court properly applied the Sec. 10(b) statute of limitations to this action. See Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), and Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). We note, however, that the plaintiff asserts in his appellate brief (as he did in the district court) that any statute of limitations was tolled by the Union's failure to protect the plaintiff's right to appeal his discharge despite the assurance of Union officials that such an appeal was being pursued.
 
 
 6
 Although such arguments of equitable tolling remain available to plaintiffs in hybrid Sec. 301/unfair representation actions, the district court did not address this issue in its Memorandum and Order. Because the present record is insufficient for a determination of when the plaintiff knew or should have known of the Union's alleged breach of its duty of fair representation, See Metz v. Tootsie Roll Industries, Inc., 715 F.2d 299, 304 (7th Cir. 1983), cert. denied, ---- U.S. ----, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984); Santos v. District Council of New York City, 619 F.2d 963, 969 (2d Cir. 1980); we find it necessary to remand this appeal to the district court for an initial determination of whether this claim has any merit. See Smith v. General Motors Corp., 747 F.2d at 375-76; Martin v. Pullman Standard, 726 F.2d 101 (3rd Cir. 1984). Therefore,
 
 
 7
 It is ORDERED that the district court's order of March 30, 1983 be nd it hereby is vacated and that this appeal is remanded to the district court for consideration of the plaintiff's tolling arguments. Rule 9(d)(4), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ralph B. Guy, U.S. District Judge for the Eastern District of Michigan, sitting by designation